UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SCHULTE ROTH & ZABEL LLP,

         Plaintiff,

- against -

STEVEN SEAGAL AND STEAMROLLER
PRODUCTIONS, INC.

         Defendants.

------------------------------------------------------------x

05 CV 2941

Civ. No.:

**COMPLAINT**

Plaintiff Schulte Roth & Zabel LLP ("SR&Z"), *pro se*, alleges as and for its complaint against Defendants Steven Seagal ("Seagal") and Steamroller Productions, Inc. ("Steamroller") as follows:

## I. PRELIMINARY STATEMENT

1.     This action seeks recovery of unpaid fees for legal services provided to Seagal and Steamroller by SR&Z, and related client charges. Seagal and Steamroller are liable to SR&Z for breach of contract, *quantum meruit*, unjust enrichment and account stated.

## II. PARTIES

2.     SR&Z is a limited liability partnership engaged in the practice of law in the State of New York with its principal office and place of business located at 919 Third Avenue, New York, New York 10022.

3.     Upon information and belief, Seagal, an individual, resides in Los Angeles, California.

4.     Steamroller is a corporation, organized under the laws of the State of California with an office and place of business located at 3550 Wilshire Boulevard, Los Angeles,

9832134.1

California 90010. Upon information and belief, Seagal is the president and owner of the corporation.

## III. JURISDICTION AND VENUE

5. The Court has jurisdiction over the defendants pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) and (3).

## IV. STATEMENT OF FACTS

7. On or about March 29, 2002, SR&Z, in a written engagement letter (the "Agreement"), agreed to render legal services to Seagal and Steamroller in connection with *Julius Nasso, et al. v. Steven Seagal and Steamroller Productions, Inc.*, 010940/02, an action filed by Plaintiff Julius Nasso on his own behalf and on behalf of certain corporations (the "nominal plaintiffs") derivatively, in Supreme Court of the State of New York, County of Richmond (the "Nasso Action"), and related proceedings or investigations (collectively, the "Matter"). Among the related proceedings or investigations was a grand jury investigation being conducted by the Office of the United States Attorney for the Eastern District of New York.

8. The Agreement sets forth that work on the Matter would be billed at the hourly rates of the attorneys and other personnel performing the work.

9. Pursuant to the Agreement and the express direction and request of Seagal, SR&Z provided professional services to Seagal and Steamroller. These services included, among other things, advising Seagal in connection with the criminal investigation, assisting in the preparation of Seagal as a witness in the criminal investigation and related criminal trial, drafting and arguing on behalf of the defendants motions to dismiss the Nasso Action in state court, removing the Nasso Action to federal court and drafting and arguing briefs in opposition

9832134.1

2

to a motion for remand, drafting and arguing on behalf of the defendants a motion to dismiss the action in federal court, drafting and arguing motions and response papers related to discovery and other issues. SR&Z's motion to dismiss filed in state court resulted in the dismissal of the claims of two of the nominal plaintiffs, permitting removal of the action to federal court. SR&Z's motion to dismiss filed in federal court resulted in a 37 page opinion that ordered the dismissal of half of the categories of claims brought against the defendants. Further, SR&Z successfully opposed the motion for remand to the state court.

10. In connection with the firm's representation relating to the Matter, and in accordance with its usual billing practices and the Agreement, SR&Z submitted a total of seventeen (17) invoices for the rendering of legal services and for other related client charges. The earliest of these invoices was dated May 21, 2002, and the most recent invoice was dated October 20, 2003.

11. At no time did the defendants express displeasure with the quality of the services provided by SR&Z or question the validity of the invoices. On the contrary, Seagal repeatedly expressed the view that SR&Z had represented him well, diligently and professionally.

12. Defendants made payments to SR&Z totalling $510,199.49, and promised to continue paying SR&Z the amounts they owed.

13. Defendants last made a payment to SR&Z on or about May 5, 2003. Thereafter, the defendants ceased making any such payments, and have refused to make any additional payments.

14. Due to the defendants' failure to continue to pay SR&Z's invoices, SR&Z moved for and, on March 29, 2004, was granted, permission to withdraw as counsel for the defendants in the *Nasso* Action..

15. Taking into account the fees defendants already paid to SR&Z, the amount of $711,531.39 remains due and to SR&Z for professional services rendered and other charges incurred on the defendants' behalf.

## COUNT I

### (Breach of Contract)

16. SR&Z repeats and realleges the allegations in paragraphs 1 through 15 of the complaint with the same force and effect as if set forth in full herein.

17. By reason of the foregoing, Seagal and Steamroller have breached the Agreement to pay SR&Z for the services it rendered and for other client charges and disbursements it made on their behalf.

18. SR&Z has rendered those professional services promised and described to the defendants, and has incurred on their behalf the related client charges and expenses for which defendants were invoiced.

19. Accordingly, defendants still owe SR&Z $711,531.39, plus interest, although due demand has been made.

## COUNT II

### (Quantum Meruit)

20. SR&Z repeats and realleges the allegations in paragraphs 1 through 19 of the complaint with the same force and effect as if set forth in full herein.

21. At Seagal's and Steamroller's request, SR&Z, in good faith, rendered professional legal services to Seagal and to Steamroller, and incurred other related client charges.

22. Seagal and Steamroller accepted these professional legal services and knew that charges for the services and other client charges were being incurred on their behalf.

23. SR&Z expected to be paid pursuant to the Agreement, which Seagal and Steamroller well knew when they accepted SR&Z legal services and the benefits of the related other client charges.

24. Seagal and Steamroller where unjustly enriched by their acceptance of the benefit of these legal services and related client charges without paying for them.

25. The fair and reasonable value of the professional services that have not been paid to SR&Z is $711,531.39.

26. Defendants owe SR&Z $711,531.39, plus interest, representing the fair and reasonable value of legal services rendered to them, and related client charges, pursuant to the Agreement, which has not been paid, despite due demand being made

## COUNT III

### (Unjust Enrichment)

27. SR&Z repeats and realleges the allegations in paragraphs 1 through 26 of the complaint with the same force and effect as if set forth in full herein.

28. By accepting and receiving, but not fully paying for, the benefit of the legal services provided by SR&Z, and of the items for which other client charges were incurred by SR&Z, Seagal and Steamroller obtained a benefit that in equity and good conscience they should not have obtained.

29. The benefit of the time and expertise of SR&Z, and of the related charges incurred by SR&Z in representing Seagal and Steamroller, rightfully belonged to SR&Z unless and until Seagal and/or Steamroller paid for them.

30. The fair and reasonable value of the benefit by which Seagal and Steamroller were unjustly enriched was $711,531.39, all of which, plus interest, is owed by Seagal and Steamroller to SR&Z.

## COUNT IV
### (Account Stated)

31. SR&Z repeats and realleges the allegations in paragraphs 1 through 30 of this complaint with the same force and effect as if set forth in full herein.

32. During the course of its representation of the defendants in the Matter, SR&Z sent to Seagal, individually and on behalf of Steamroller, accurate statements detailing the amounts due and owing for services performed and other client charges incurred by SR&Z.

33. The statements sent by SR&Z were received, accepted, and acknowledged by Seagal, on behalf of himself and Steamroller.

34. In addition, as set forth above, Seagal and Steamroller paid to SR&Z over $500,000 on invoices issued prior to the invoices on which no payment has been made. These earlier payments constituted prior transactions between Seagal and Steamroller on the one hand, and SR&Z on the other, reflecting the agreement of Seagal and Steamroller as to the correctness of the unpaid account items and the balance now due.

35. An account was therefore taken and stated between SR&Z and the defendants under which the defendants owe SR&Z $711,531.39, plus interest.

**WHEREFORE**, judgment is demanded in favor of SR&Z as follows:

(a) on the first, second, third and fourth counts against the defendants in the amount of $711,531.39, together with interest;

(b) the fees and expenses incurred in this action, including reasonable allowance for attorneys' fees and costs; and

(c) such other and further relief as is just and proper.

Dated:  New York, New York
        March 17, 2005

*(signature)*

Martin L. Perschetz (MP 7299)
A Member of the Firm
Schulte Roth & Zabel LLP
Plaintiff *Pro Se*
919 Third Avenue
New York, New York  10022
(212) 756-2000